**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **MUAMAR SAYYED, #20412** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:22cv581** |
| | § | |
| | § | |
| **ASAD ASAD, ET AL.** | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

*Pro se* Plaintiff Muamar Sayyed filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. On August 5, 2022, mail was returned to the Court (Dkt. #6) that had been sent to Plaintiff at Grayson County Jail, his address on file. In an abundance of caution, the Court issued an order for Plaintiff to provide a written notice of his current address (Dkt. #7). On August 26, 2022, that mail was also returned and marked, "Return to Sender - No longer in Custody - Unable to Forward" (Dkt. #8). Plaintiff then filed a notice of change address on October 24, 2022, stating that his address had changed to Bryan County Jail, 402 W. Evergreen Street in Durant, Oklahoma 74201 (Dkt. #9).

In another current case filed by Plaintiff, *see Sayyed v. Jaime Hayes, et al.*, Civil ECF 4:22cv499, mail that was sent to Plaintiff at his last stated address – the Bryan County Jail, 402 W. Evergreen Street in Durant, Oklahoma 74201– was returned to the Court on November 9, 2022. *Id.* (Dkt. #7). Furthermore, mail that was then sent to Plaintiff's home address as revealed by Bryan County Jail in an inmate release sheet, was also returned on January 10, 2023, and marked , "Return to Sender - Attempted, Not Known – Unable to Forward." *Id.* (Dkt. #9).

The Court takes judicial notice of Plaintiff's other case filed as Civil ECF 4:22cv499, and the same specific issue concerning Plaintiff's addresses and his ultimate failure to keep the Court apprised of his current address. *See ITT Rayonier Inc., v. United States*, 651 F.2d 343, 345 n.2 (5th

Cir. 1981) (a court may take judicial notice of its own records or those of inferior courts). At this juncture, re-sending the Order in this particular case to Plaintiff's last stated address of Bryan County Jail (Dkt. #9) would be an exercise in futility. Because mail was returned in Plaintiff's other case in November, the Court is aware that Plaintiff is no longer confined at Bryan County Jail and that any attempt to send the Order there or to his home address, as revealed by Bryan County Jail in the inmate release sheet, will be futile.

In sum, the Court is unaware of Plaintiff's whereabouts, and it is Plaintiff's responsibility to notify the Clerk of the Court of his current address. Consequently, he has failed to prosecute this case. Fed. R. Civ. Proc. 41(b).

The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court and appellate review is confined solely in whether the court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980). The present case should be dismissed.

## RECOMMENDATION

It is therefore recommended that the complaint be dismissed without prejudice. Fed. R. Civ. P. 41(b). Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 11th day of January, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE